LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective
Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

RAFAEL AGUILAR, *on behalf of himself,*
*FLSA Collective Plaintiffs, and the Class*,

                                        Plaintiff,

CALEXICO CINCO LLC
        d/b/a CALEXICO
CALEXICO SEIS LLC
        d/b/a CALEXICO
CALEXICO 122 LLC
        d/b/a CALEXICO
CALEXICO 278B LLC
        d/b/a CALEXICO
CALEXICO CARNE ASADA LLC
        d/b/a CALEXICO
        d/b/a CALEXICO
KATHLEEN OBRIEN, BRIAN VENDLEY,
and PETER OLEYER,

                                        Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff,  RAFAEL AGUILAR ("Plaintiff"), on behalf of himself and others similarly

situated, by and through his undersigned attorneys, hereby files this Class and Collective

Action  Complaint  against  Defendants,  CALEXICO  CINCO  LLC  d/b/a  CALEXICO,

CALEXICO  SEIS  LLC  d/b/a  CALEXICO,  CALEXICO  122  LLC  d/b/a  CALEXICO,

CALEXICO  278B  LLC  d/b/a  CALEXICO,  CALEXICO  CARNE  ASADA  LLC  d/b/a

1

CALEXICO ("Corporate Defendants"), KATHLEEN OBRIEN, BRIAN VENDLEY, and PETER OLEYER ("Individual Defendants," and together with Corporate Defendant, "Defendants") and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving, (2) liquidated damages and (3) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time-shaving, (2) frequency of pay violations, (3) statutory penalties, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff RAFAEL AGUILAR is a resident of Queens County, New York.

6.      Defendants own and operate a chain of restaurants under the tradename "Calexico" at the following locations in New York City:

> (a) 99 2nd Avenue, New York, NY 10003 ("Calexico East Village") (now
>
>     closed);

(b) 32-07 30th Avenue, Astoria, NY 11102 ("Calexico Astoria") (now closed);

(c) 122 Union Street, Brooklyn, NY 11231 ("Calexico Red Hook");

(d) 1491 2nd Avenue, New York, NY 10021 ("Calexico Upper East");

(e) 278B 5th Avenue, Brooklyn, NY 11215 ("Calexico Park Slope");

(f) 645 Manhattan Avenue, Brooklyn, NY 11222 ("Calexico Greenpoint") (collectively "the Restaurants").

7.      Corporate Defendant CALEXICO CINCO LLC d/b/a CALEXICO is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 99 2nd Avenue, New York, NY 10003 and an address for service of process located at The LLC, 645 Manhattan Avenue, 2RM, Brooklyn, NY United States, 11222. *See* **Exhibit 1; Exhibit 2.**

8.      Corporate Defendant CALEXICO SEIS LLC d/b/a CALEXICO is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 32-07 30th Avenue, Astoria, NY 11102 and an address for service of process located at The LLC, 645 Manhattan Avenue, 2RM, Brooklyn, NY United States, 11222. *See* **Exhibit 1.**

9.      Corporate Defendant CALEXICO 122 LLC d/b/a CALEXICO is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 1491 2nd Avenue, New York, NY 10021 and an address for service of process located at 80 State Street, Albany, NY, United States, 12207. *See* **Exhibit 1; Exhibit 2.**

10.     Corporate Defendant CALEXICO 278B LLC d/b/a CALEXICO, is a domestic limited liability company organized under the laws of the State of New York, with a principal

place of business at 278B 5th Avenue, Brooklyn, NY 11215 and an address for service of process located at 80 State Street, Albany, NY, United States, 12207. *See* **Exhibit 1; Exhibit 2.**

11.    Corporate Defendant CALEXICO CARNE ASADA, LLC d/b/a CALEXICO is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 645 Manhattan Avenue, Brooklyn, NY 11222 and 122 Union Street, Brooklyn, NY 11231, and an address for service of process located at 80 State Street, Albany, NY, United States, 12207. *See* **Exhibit 1; Exhibit 2.**

12.    Individual Defendant BRIAN VENDLEY is the owner and operator of Corporate Defendants. *See* **Exhibit 2; Exhibit 3**. BRIAN VENDLEY exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members.  BRIAN VENDLEY had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees of each of the three Businesses could complain to BRIAN VENDLEY directly regarding any of the terms of their employment, and BRIAN VENDLEY would have the authority to effect any changes to the quality and terms of employees' employment.  BRIAN VENDLEY directly reprimanded any employee who did not perform his duties correctly. BRIAN VENDLEY exercised functional control over the business and financial operations of the Corporate Defendant.

13.    Individual Defendant KATHLEEN OBRIEN is an owner and operator of Corporate Defendants. *See* **Exhibit 2; Exhibit 4**. KATHLEEN OBRIEN exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class

members. KATHLEEN OBRIEN had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees of each of the three Businesses could complain to KATHLEEN OBRIEN directly regarding any of the terms of their employment, and KATHLEEN OBRIEN would have the authority to effect any changes to the quality and terms of employees' employment. KATHLEEN OBRIEN directly reprimanded any employee who did not perform his duties correctly. KATHLEEN OBRIEN exercised functional control over the business and financial operations of the Corporate Defendant.

14.     Individual Defendant PETER OLEYER is the chef, partner, and principal of Corporate Defendants. *See* **Exhibit 2; Exhibit 3**. PETER OLEYER exercised control over the employment terms and conditions of Plaintiff, FLSA Collective Plaintiffs and Class members. PETER OLEYER had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. At all times, employees of each of the three Businesses could complain to PETER OLEYER directly regarding any of the terms of their employment, and PETER OLEYER would have the authority to effect any changes to the quality and terms of employees' employment. PETER OLEYER directly reprimanded any employee who did not perform his duties correctly. PETER OLEYER exercised functional control over the business and financial operations of the Corporate Defendant.

15.     Corporate Defendants operate or operated the Restaurants as a single integrated enterprise, under the control of their owners, Individual Defendants BRIAN VENDLEY,

KATHLEEN OBRIEN, and PETER OLEYER. Individual Defendants BRIAN VENDLEY, KATHLEEN OBRIEN, and PETER OLEYER own and operate each Corporate Defendant. Specifically, Corporate Defendants are engaged in related activities, share common ownership and have a common business purpose:

(a) All of the Restaurants are advertised on their website: https://www.calexico.com/locations-hours/ *See* **Exhibit 5**.

(b) All of the Restaurants utilize the "Calexico" trade name and trademarks.

(c) All of the Restaurants utilize substantially similar menus and serve substantially similar food items. *See* **Exhibit 6**.

(d) All of the Restaurants utilize their shared website for job applications. https://www.calexico.com/jobs/ *See* **Exhibit 7**.

(e) All of the restaurants have a shared "contact us" page. https://www.calexico.com/contact/ *See* **Exhibit 8**.

(f) All of the Restaurants utilize joint social media pages, which are all advertised on the shared website. *See* **Exhibit 9**.

(g) All of the Restaurants utilize the same Catering request form and the same catering menu on the shared website. *See* **Exhibit 10**.

(h) All of the Restaurants utilize a centralized human resources department.

(i) All of the Restaurants utilize a shared employment handbook.

16. At all relevant times, Corporate Defendants, each were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the Regulations thereunder.

17.     At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including, but not limited to, servers, bussers, bartenders, barbacks, porters, cooks, expeditors, cashiers, dishwashers) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

19.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to (i) pay them proper wages due to time-shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

20.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

21.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including, but not limited to, , bussers, bartenders, barbacks, porters, cooks, expeditors, cashiers, dishwashers) employed by

Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

22.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

23.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

24.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper wages due to a policy of time-shaving, (ii) failing to pay wages within seven (7) calendar days of the end of the week in which they were earned, (iii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iv) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and

Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

25.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

26.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class

members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants employed Plaintiff and Class members within the meaning of the New York law;

(b)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c)     At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

(d)     Whether Defendants properly notified Plaintiff and Class members of their regular hourly rate and overtime rate;

(e)     Whether Defendants properly compensated Plaintiff and Class members for all of their compensable work time;

(f)      Whether Defendants properly compensated Plaintiff and Class Members within seven (7) days after the end of the week in which their wages were earned;

(g)      Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law; and

(h)      Whether Defendants provided proper wage and hour notices to Plaintiff and Class members, at date of hiring and annually, per requirements of the New York Labor Law.

## STATEMENT OF FACTS

29.     From on or about November 2021, until January 31, 2022, Plaintiff RAFAEL AGUILAR was employed by Defendants as a line cook at Defendants' "Calexico Astoria" restaurant, located at 32-07 30th Avenue, Astoria, NY 11102.

30.     For the first month of his employment, Plaintiff worked from 3:00 p.m. to 11:00 p.m., five (5) days per week. Starting in December 2021 to the end of his employment, Plaintiff's schedule was changed to 10:00 a.m. to 6:00 p.m., five (5) days per week.

31.     Throughout his employment, Plaintiff was compensated at a rate of nineteen dollars ($19) per hour.

32.     For the first month of his employment, approximately twice per week, Plaintiff was required to stay back fifteen (15) minutes after clocking out of his shift to help finish cleaning the kitchen. Similarly, FLSA Collective Plaintiffs and Class Members suffered from Defendants requiring them to stay after their shift concluded.

33.     Throughout his employment, Plaintiff would clock out for his thirty (30) minute meal break. However, on a daily basis, Plaintiff's manager would approach him with tasks that needed to be completed immediately, and instructions for what to do after he fixed the

immediate tasks. As a result, Plaintiff was unable to take a free and clear meal break. Similarly, FLSA Collective Plaintiffs and Class Members suffered from Defendants requiring them to perform work during their meal breaks.

34.     Throughout his employment, Defendants failed to properly compensate Plaintiff in a timely manner as required by the NYLL. Under New York Labor Law, all 'manual worker(s)' must be paid on a weekly basis.  Pursuant to the New York State Department of Labor, manual workers include non-exempt employees who spend more than twenty-five percent (25%) of their working time performing physical labor. Defendants compensated Plaintiff with his wages approximately nine (9) days after the last day worked in his workweek, which violates Labor Law § 191(1)(a), which requires "manual workers" to be compensated "not later than seven calendar days after the end of the week in which wages are earned." Similarly, Class Members suffered from Defendants failure to compensate them in a timely manner. *See* **Exhibit 11**.

35.     Plaintiff's duties included cooking and transporting ingredients to and from the storage area to the kitchen. Plaintiff frequently was required to carry thirty (30) pound bags of rice, thirty (30) pound containers of beans, large containers of corn, and large amounts of meat, from the basement storage to the kitchen. As a result, Plaintiff was considered a "manual worker" under NYLL § 190(4). Similarly, based on Class Members' duties, Class Members were also considered "manual workers" under NYLL § 190(4).

36.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements and wage notices as required under New York Labor Law.

37.     In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest

identified by the New York State legislature.  Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiffs' interest in ensuring proper pay.  Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380.  Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

38.     Here, Defendants' failure goes beyond generating a risk of harm to Plaintiff and Class members. Defendants' conduct actually harmed Plaintiff and Class members. Defendants' failure to provide paystubs listing all hours and rates of pay, including overtime hours and overtime rates, deprived employees of the ability to contest Defendants' calculations, allowed Defendants to hide their wrong-doing, and necessitated the current litigation to vindicate Plaintiff and Class members' rights. This conduct ensured Defendants' ability to further delay providing proper compensation to low wage earners entitled to protection under federal and state law. Moreover, Defendants failure to provide wage notices allowed Defendants to hide the proper frequency of pay to employees.  Defendants' failure to provide a wage notice to employees allowed Defendants to hide their responsibility and deprive employees of timely compensation.

39.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation.  The failure

to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class members.  This delayed payment caused Plaintiff to struggle to timely pay bills.  Class members similarly struggle to timely pay debts due to Defendants continued attempts to hide wrongdoing from employees.

40.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class members for all hours worked due to Defendants' policy of time-shaving.

41.     Defendants knowingly and willfully operated their business with a policy of not compensating Plaintiff and Class members within seven (7) calendar days after the end of the week in which wages are earned, in violation of the NYLL.

42.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiff and Class members, in violation of the NYLL.

43.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiff and Class members, at the beginning of employment and annually thereafter, in violation of the NYLL.

44.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

45.     Plaintiff realleges and reavers Paragraphs 1 through 44 of this class and collective action Complaint as if fully set forth herein.

46.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

48.     At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

49.     At all relevant times, Defendants had a policy and practice of failing to pay proper wages to Plaintiff and FLSA Collective Plaintiffs due to Defendants' policy of time-shaving.

50.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages due to Defendants policy of time-shaving.

51.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

52.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

53.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to time shaving, plus an equal amount as liquidated damages.

54.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

55.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**

56.     Plaintiff realleges and reavers Paragraphs 1 through 55 of this Class and Collective Action Complaint as if fully set forth herein.

57.     At all relevant times, Plaintiff and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

58.     Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them the proper compensation for all hours worked due to a policy of time-shaving.

59.     Defendants knowingly and willfully failed to compensate employees within seven (7) calendar days after the end of the week in which wages are earned, in violation of the NYLL.

60.     Defendants knowingly and willfully failed to provide proper wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class members, as required by New York Labor Law § 195(1).

61.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class members with every wage payment, as required by New York Labor Law § 195(3).

62.     Due to Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid wages due to time shaving, damages for frequency of pay violations, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.     An award of unpaid wages due under the FLSA and the NYLL, including those due to Defendants' time-shaving practices;

d.     An award of unpaid wages due under the NYLL, due to Defendants' frequency of pay violations;

e.     An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

f.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, including overtime compensation, pursuant to the FLSA;

g.     An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, including overtime compensation, pursuant to the NYLL;

h.     An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

i.     Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j.     Designation of this action as a class action pursuant to F.R.C.P. 23;

k.     Designation of Plaintiff as Representative of the Class; and

l.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:    October 20, 2022

Respectfully submitted,

By:    */s/ C.K. Lee*
        C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*